HLD-111 (April 2010)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1157
_____

CHARLES E. ALBERT,
                                    Appellant
v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 09-cv-00258)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2010

Before: SCIRICA, WEIS and GARTH, Circuit Judges
(Opinion filed    May 21, 2010)
_____

OPINION
_____

PER CURIAM.

        Charles Albert, a federal prisoner proceeding pro se, appeals an order of the

United States District Court for the Western District of Pennsylvania dismissing his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  We will affirm.

1

Albert filed a habeas petition pursuant to 28 U.S.C. § 2241 challenging his 2006 conviction for violating federal child pornography laws. Among other things, Albert claimed a violation of his Fourth Amendment rights based on an allegedly illegal search of his home and his Sixth Amendment right to effective assistance of counsel. Albert does not state in his habeas petition in which court he was convicted, but correspondence attached to his petition appears to indicate that he was convicted in the United States District Court for the Northern District of Ohio.

The Magistrate Judge recommended that Albert's petition be dismissed because a motion to vacate sentence pursuant to 28 U.S.C. § 2255 filed in the sentencing court is the exclusive means to challenge his conviction. The Magistrate Judge noted that Albert did not satisfy the narrow exception allowing a petition to be filed under § 2241 where a § 2255 motion would be "inadequate or ineffective" to test the legality of detention. In his objections to the Magistrate Judge's report, Albert stated that he may not seek relief under § 2255 because the statute of limitations has passed. He also argued the merits of his Fourth Amendment claim. The District Court adopted the Magistrate Judge's report and recommendation and dismissed the petition, noting that Albert's objections made clear that his remedy, if any, is by way of a § 2255 motion. This appeal followed.

As recognized by the District Court, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their

2

convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is not inadequate or ineffective because the sentencing court denies relief, the one-year statute of limitations has expired, or the petitioner is unable to meet § 2255's gatekeeping requirements. Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam). Rather, a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. at 538. See also In re Dorsainvil, 119 F.3d 245, 248-52 (3d Cir. 1997) (construing "inadequate or ineffective" provision of § 2255).

Albert has not made such a showing. The fact that Albert may be time-barred from filing a § 2255 motion does not render a § 2255 motion "inadequate or ineffective." Because this appeal does not raise a substantial question, we will summarily affirm the District Court's order.[1]

_____

_____

[1] Because Albert's claim lacks arguable merit, his request for appointment of counsel is denied. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).